CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



April 12, 2018

Karl E. Osterhout
Osterhout Disability Law, LLC
521 Cedar Way, Suite 200
Oakmont, PA 15139

Cassia Weiner Parson
Special Assistant United States Attorney
Social Security Administration Ofc. Of
General Counsel
6401 Security Blvd.
Baltimore, MD 21235

Subject: *Friend v. Comm'r of Soc. Sec.*[1]
Civil No.: 1:17-cv-01460-GLS

Dear Counsel:

Pending before this Court, by the parties' consent, are Motions for Summary Judgment. (ECF 3, 6, 13, 14). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Chater*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. L.R. 105.6. For the reasons set forth below, both Motions are DENIED and the SSA's judgment is remanded for further consideration.

I. **BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits on December 2, 2013[2], alleging the onset of disability on July 30, 2010. (Tr. 13). Plaintiff's application was denied initially (March 2, 2011), and upon reconsideration (June 26, 2014), by the SSA. *Id.* Plaintiff filed a written request for a hearing on July 31, 2014 that was granted and conducted on March 23, 2016 by Administrative Law Judge ("ALJ") Tierney Carlos. *Id.* The ALJ issued a decision finding that Plaintiff was not disabled on May 31, 2016. (Tr. 10). The Appeals Council denied Plaintiff's request for review on April 6, 2017. (Tr. 1). Accordingly, the ALJ's decision

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] A prior application was filed on August 4, 2010 and dismissed by another Administrative Law Judge on July 26, 2013. This date reflects a second application by claimant.

became final and reviewable decision of the SSA. *Id.*

Plaintiff filed her appeal to this Court on May 30, 2017. (ECF No. 1). Plaintiff contends that the ALJ's failure to evaluate all medical conditions at step two resulted in a denial of benefits not supported by substantial evidence. (ECF No. 13-2 at 4).

## II. DISCUSSION

Plaintiff argues that the ALJ did not address her diagnoses of complex regional pain syndrome ("CRPS") and seizure disorder in his evaluation of her impairments at step two, which subsequently affected the residual functioning capacity ("RFC") determination and the ultimate denial of benefits. *Id.* Defendant argues that any such error, if it exists, was harmless. (ECF 14-1 at 5–11). The ALJ's failure to discuss the seizure disorder at step two was not harmless error.

It is well settled in the Fourth Circuit that an ALJ's decision should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). The ALJ must then build "an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017). In *Mascio*, the Fourth Circuit reversed and remanded when it was unable to determine how the ALJ arrived at the conclusions about claimant's ability to perform relevant functions and was uncertain as to the ALJ's intent. *See Mascio*, 780 F.3d at 637. The Fourth Circuit applied this principle to an ALJ's analysis of mental impairments in *Patterson v. Commissioner*, 846 F.3d 656, 662 (4th Cir. 2017), finding that "because [it] cannot review the ALJ's mental-impairment evaluation, [it] cannot say that he properly assessed Patterson's RFC." This error in *Patterson* was not harmless because it affected many of the ALJ's subsequent conclusions beyond step two. *See id.* The ALJ is required to consider all of a claimant's impairments when assessing the claimant's RFC. *See* 20 C.F.R. §404.1545(a)(2). This Court has found that a failure to evaluate a claimant's medical diagnosis results in an insufficient record for review. *See Krause v. Comm'r*, No. 16-2530, 2017 WL 371902, at *2 (D. Md. Jan. 25, 2017) ("[T]he ALJ entirely failed to consider Mr. Krause's mental diagnosis, and remand is required as a result.").

Here, despite evidence in the record of a seizure disorder[3], the ALJ did not consider it in his analysis. Claimant testified before the ALJ regarding her seizure disorder. (Tr. 60–62). The medical records also reflect this diagnosis. (B8F at 1–3). Yet the ALJ identifies only physical impairments at step two of his analysis. (Tr. 15–16, 21). The ALJ summarizes his findings by noting limitations from "the combined effects of [claimant's] physical impairments," but says nothing as to her mental impairments. (Tr. 21). Because the ALJ failed to explain his reasoning for omitting the seizure disorder, and that failure then affected the ALJ's RFC determination, the Court remands the decision for further explanation. In remanding, the Court expresses no opinion as to whether the ALJ's ultimate conclusion denying benefits is correct or incorrect.

---

[3] In my view, the law holds that the ALJ's lack of discussion about the seizure disorder is enough for remand for further proceedings. I do not address the ALJ's alleged failure to discuss claimant's CRPS, but note that the medical records reflect symptoms of possible CRPS without any certainty as to an actual diagnosis.

### III. CONCLUSION

For the reasons set forth above, Ms. Friend's Motion for Summary Judgment, (ECF No. 13), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 14), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/

The Honorable Gina L. Simms
United States Magistrate Judge